IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

ONUOHA AGBA,

    Plaintiff,

vs.                                         No. 15-2289-JDT-dkv

THE COMMERCIAL APPEAL,

    Defendant.
_____

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
_____

On April 29, 2015, the plaintiff, Onuoha Agba ("Agba"), filed a *pro se* complaint against the defendant, The Commercial Appeal, claiming that The Commercial Appeal published "false and unfounded lies" about Agba. (Compl., ECF No. 1.) The case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Now before the court is the July 9, 2015 motion filed by The Commercial Appeal pursuant to Rule 12(b)(6) to dismiss for failure to state a claim upon which relief may be granted. (Mot. to Dismiss, ECF No. 13.) Agba responded to the motion to dismiss on July 22, 2015, (Resp., ECF No. 15), and Commercial Appeal filed a reply on July 23, 2015, (Reply, ECF No. 16.)

For the reasons that follow, the court recommends that Commercial Appeal's motion to dismiss be granted and that Agba's complaint be dismissed *sua sponte* for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## I. PROPOSED FINDINGS OF FACT

Agba's complaint consists of seven paragraphs in which he alleges that The Commercial Appeal published "false and unfounded lies" about him without referring to a specific article or publication made about him. (*See* Compl., ECF No. 1.) Agba generally claims that The Commercial Appeal has violated his rights under "the applicable laws of the United States of America." (*Id.* at ¶ 2.) Agba further claims that Commercial Appeal used his image without permission, committed defamation, and published false statements about him. (*Id.* at ¶¶ 2,3.)

Agba alleges that he is a resident of Shelby County, Tennessee and that Commercial Appeal is a publishing outfit located in Shelby County, Tennessee. (*Id.*)

As relief, Agba requests $450,000 in lost income and twenty five million dollars in punitive, liquidated and compensatory damages. (*Id.*)

Upon receipt of the complaint, The Commercial Appeal performed a search of its electronic archives for any stories that mentioned Agba's name and found the following two

2

references: (1) a June 12, 1999 article in the print edition that included Agba's name in a list of names under the heading "Marriage Licenses," and (2) a Crime Report article that included a report concerning criminal charges brought by law enforcement authorities against Agba. (Def.'s Mot. to Dismiss 2, ECF No. 13-1.)[1] The Crime Report article was published in the online edition of *The Commercial Appeal* on October 24, 2008, and it included a photo of Agba. (ECF No. 13-4.) The Crime Report article was published in the print edition on October 25, 2008. (ECF No. 13-3.) In his reply, Agba admits that the October 24, 2008 article is the publication in question. (ECF No. 15.)

II. PROPOSED CONCLUSIONS OF LAW

A. Subject-Matter Jurisdiction

As an initial matter, the court must determine whether it has subject-matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a

---

[1] When a court is ruling on a Rule 12(b)(6) motion to dismiss, it may consider any "exhibits attached [to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)(quotations omitted). Because the news report is central to Agba's claim against Commercial Appeal, the court may consider it in ruling on the motion to dismiss.

cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 ("It is a fundamental precept that federal courts are courts of limited jurisdiction.").

Federal courts are obliged to act *sua sponte* whenever a question about jurisdiction arises. *See, e.g., Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 ("A court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion."); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir.

4

2009)("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." A federal court has federal-question jurisdiction under 28 U.S.C. § 1331 over actions arising under the Constitution or laws of the United States. A district court has diversity jurisdiction under 28 U.S.C. § 1332 over civil actions where the amount in controversy exceed $75,000 and the action is between citizens of different states.

Agba's complaint contains no jurisdictional allegations. No federal-question appears on the face of Agba's complaint. Agba mentions defamation and false light. These, however, are state common law causes of action. Agba's general allegation that The Commercial Appeal violated "applicable laws of the United States" is insufficient to confer federal-question jurisdiction upon this court.

As to diversity jurisdiction, Agba has not pled that the parties are diverse. On the contrary, Agba has pled that both

5

parties are residents of Tennessee.  Therefore, complete diversity does not exist, and the court lacks diversity jurisdiction.

Accordingly, the court recommends *sua sponte* dismissal of Agba's complaint for lack of subject-matter jurisdiction.

B.  Standard of Review for Failure to State a Claim

In assessing whether Agba's complaint states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  To survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678).  The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

6

*Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts

to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Agba's Defamation and False Light Claims</u>

The court construes the complaint liberally and finds that Agba sets forth a defamation claim and a false light invasion of privacy claim. To state a prima facie case of defamation in Tennessee, the plaintiff must allege that: "(1) a party published a statement; (2) with knowledge that the statement was false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999). "The basis for an action for defamation, whether it be slander or libel, is that the defamation has resulted in an injury to the person's character and reputation." *Davis v. The Tennessean*, 83 S.W.3d 125, 128 (Tenn. Ct. App. 2001).

To state a prima facie case of false light, the plaintiff must allege that: "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b)

the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *West v. Media Gen. Convergence, Inc.*, 53 S.W.3d 640, 644 (Tenn. 2001)(recognizing false light as an actionable tort and adopting the Restatement (Second) of Torts definition of false light).

Actions for written defamation must be commenced within a year after the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(1). The action accrues on the date the alleged defamatory language is published. *Riley v. Dun & Bradstreet, Inc.*, 172 F.2d 303, 308 (6th Cir. 1949). A false light claim based on a published statement must also be commenced within one year after the cause of action accrues. *West*, 53 S.W.3d at 648 ("False light claims are subjects to the statutes of limitations that apply to libel and slander . . . .").

Here, Agba failed to identify the particular defamatory statement published by The Commercial Appeal. Although The Commercial Appeal identified the statement in question, Agba's complaint contains no plausible allegation that the statement was false or that The Commercial Appeal had knowledge of its falsity or acted with reckless disregard in failing to ascertain the truth of the statement. This is fatal to Agba's defamation and false light claims.

Moreover, the statement in question was published on October 24 and 25, 2008, more than six years prior to the filing of Agba's complaint. Any action based on the publication must have been commenced within one year after the date the alleged statement was published. Although the news report about the criminal charges brought against Agba remains visible online, Agba's cause of action accrued only once, at the time of publication, and later publications did not give rise to additional defamation causes of action. *Milligan v. United States*, 670 F.3d 686, 698 (6th Cir. 2012); *Clark v. Viacom Int'l*, No. 3:12-0675, 2013 WL 1245681, at *3 (M.D. Tenn. Mar. 26, 2013)(applying the single-publication rule to internet publication). Thus, the fact that the news report remains visible online is not "perpetually actionable under Tennessee defamation law." *Clark*, 2013 WL 1245681, at *5. Accordingly, Agba's defamation and false light causes of action are barred by the statute of limitations.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that Agba's complaint be dismissed *sua sponte* for lack of subject-matter jurisdiction. Alternatively, it is recommended that The Commercial Appeal's motion to dismiss be granted and that Agba's complaint be dismissed for failure to state a claim upon which relief may be granted.

Respectfully submitted this 30th day of July, 2015.


                                          s/ Diane K. Vescovo
                                          DIANE K. VESCOVO
                                          UNITED STATES MAGISTRATE JUDGE



NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.