IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ONUOHA AGBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2289-JDT-dkv |
| | ) | |
| THE COMMERCIAL APPEAL, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, GRANTING MOTION TO DISMISS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Onuoha Agba, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on April 29, 2015, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After the Court issued an order denying leave to proceed *in forma pauperis* (ECF No. 5), Plaintiff paid the filing fee on June 10, 2015 (ECF No. 6). Plaintiff alleges that the Defendant, the Commercial Appeal, violated his rights under the laws of the United States by knowingly and maliciously publishing false claims about him and using his image without permission. He alleges the Defendant's actions constituted discrimination, racism and defamation. (ECF No. 1 at 1-2.)

Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 9, 2015. (ECF No. 13.) Plaintiff filed a timely response (ECF No. 15), and

Defendant filed a reply on July 23, 2015 (ECF No. 16). On July 30, 2015, United States Magistrate Judge Diane K. Vescovo issued a Report and Recommendation ("R&R") in which she recommended dismissing the complaint *sua sponte* for lack of subject matter jurisdiction and/or granting Defendant's motion to dismiss for failure to state a claim. (ECF No. 17.) Plaintiff filed timely objections to the R&R on August 13, 2015. (ECF No. 19.)

Magistrate Judge Vescovo first noted that the complaint contains no jurisdictional allegations and that no federal question is apparent on its face. Although Plaintiff alleges that Defendant's actions violated unspecified laws of the United States, such general statements are an insufficient basis for federal question jurisdiction.[1] In his objections to the R&R, Plaintiff now asserts that the case involves a federal question because the Defendant violated his civil and constitutional right to "life, liberty and pursuit of happiness." (ECF No. 19 at 1-2.) However, no such generalized right is found in the Constitution.[2] Therefore, Plaintiff's complaint fail to allege any basis for this Court's jurisdiction, and dismissal for lack of subject matter jurisdiction is appropriate.

Even if the Constitution protected such a non-specific right as that asserted by Plaintiff, such a claim could not be brought against a private entity such as the Defendant,

---

[1] The Magistrate Judge further noted that Plaintiff alleged both he and the Defendant are residents of Tennessee (ECF No. 1 at 1); therefore, diversity jurisdiction also does not exist. *See* 28 U.S.C. § 1332.

[2] Plaintiff cites the Ninth Amendment as the source for the statement that "all men are created equal and are endowed with certain inalienable rights which includes the right to life, liberty and pursuit of happiness." However, this is a paraphrase of language from the Declaration of Independence, not from any part of the Constitution.

which does not act under color of federal law, which is necessary for a cause of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or under color of state law, which is necessary for a cause of action under 42 U.S.C. § 1983. "A § 1983 plaintiff may not sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999).

Magistrate Judge Vescovo also found that even if the Court had jurisdiction, Plaintiff's written defamation and false light claims are barred by the applicable one-year statute of limitations in Tennessee Code Annotated § 28-3-104(a)(1). Plaintiff did not identify the alleged defamatory statement in his complaint. However, in the motion to dismiss, Defendant identified a report first published in its online edition on October 24, 2008, and in the print edition on October 25, 2008. The report concerned criminal charges that were brought against Plaintiff, and the online edition included his photograph. (ECF Nos. 13-2, 13-3 & 13-4.) Plaintiff concedes the 2008 report is the publication his claims are based upon. (ECF No. 15 at 1.)

Defamation actions in Tennessee accrue on the date the alleged defamatory statement is published. *See Applewhite v. Memphis State Univ.*, 495 S.W. 2d 190, 194–95 (Tenn. 1973). Tennessee courts do not recognize a claim for "continuing defamation." *See Rose v. Cookeville Reg'l Med. Ctr.*, No. M2007-02368-COA-R3-CV, 2008 WL 2078056, at *5 (Tenn. Ct. App. May 14, 2008). Furthermore, contrary to Plaintiff's arguments, "[s]tale statements are not perpetually actionable under Tennessee defamation law solely because they continue to be available to the online public." *Clark v. Viacom Int'l, Inc.*, — F. App'x

—, 2015 WL 4098320, at *5 (6th Cir. 2015). In *Clark*, the Sixth Circuit held that the Tennessee Supreme Court would apply the "single publication rule" to online speech, *id.* at *5-8, and noted that "no other court in the country has failed to extend the single publication rule to the online domain." *Id.* at *7.

> [If applied to the internet,] a multiple publication rule would implicate an even greater potential for endless retriggering of the statute of limitations, multiplicity of suits and harassment of defendants. Inevitably, there would be a serious inhibitory effect on the open, pervasive dissemination of information and ideas over the Internet, which is, of course, its greatest beneficial promise.

*Id.* (quoting *Firth v. State*, 775 N.E. 2d 463, 466 (N.Y. 2002) (alteration in *Clark*). An online statement also is not "republished" merely because it is continuously available on the publisher's publicly accessible website, even if the publisher failed to remove the statement after receiving notice of its falsity. *Id.* at *8-10.

Plaintiff's objections to the Magistrate Judge's R&R are not well taken and are DENIED. The R&R is ADOPTED in its entirety, and this case is hereby DISMISSED for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) and for failure to state a claim pursuant to Rule 12(b)(6).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App.

P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith. Accordingly, it is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit directly in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE